David Davidson, Esq. (SBN 215969)
ddavidson@ohaganmeyer.com
Alina Goncharova, Esq. (SBN 329974)
agoncharova@ohaganmeyer.com
Millicent Wong, Esq. (SBN 366897)
mwong@ohaganmeyer.com
**O'HAGAN MEYER LLP**
4695 MacArthur Ct., Suite 900
Newport Beach, CA 92660
Telephone:   (949) 942-8500
Facsimile:   (949) 942-8510

Attorneys for Defendant,
WALMART, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GENESIS PEREZ,<br><br>                    Plaintiff,<br><br>vs.<br><br>WALMART, INC., and DOES 1 TO 100, inclusive,<br><br>                    Defendant. | Case No.<br><br>(San Joaquin County Superior Court) (Case No. STK-CV-UPI-2025-0013809)<br><br>**DEFENDANT WALMART, INC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF DAVID DAVIDSON, ESQ.** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant, Walmart, Inc., ("Defendant"), a Delaware Corporation, hereby removes this action from Superior Court of the State of California, County of San Joaquin to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the basis of diversity.

This Court has original jurisdiction over this action under 28 U.S.C. §1332(a) on the grounds that complete diversity exists between all parties and the amount in

1

controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiff GENESIS PEREZ, is a resident, citizen and domiciliary of the State of California. Defendant is a Delaware corporation with its principal place of business in the State of Arkansas.

## I.    INTRODUCTION

On September 23, 2025, Plaintiff GENESIS PEREZ ("Plaintiff") commenced this action by filing a Complaint in the Superior Court of the State of California in the for the County of San Joaquin, entitled *"GENESIS PEREZ, an individual, v. WALMART, INC., a Delaware corporation; DOES 1 TO 100, inclusive,"* as Case Number STK-CV-UPI-2025-0013809. Plaintiff alleges two causes of action for general negligence and premises liability arising out of an incident that is alleged to have occurred on December 23, 2023, in the County of San Joaquin, in Lodi, California.

Pursuant to 28 U.S.C. §1446(a), true and correct copies of all pleadings and documents filed and served to date on Defendant in this action are attached hereto, collectively, as **Exhibit A.**

The Complaint was served on Defendant on March 6, 2026. This Notice of Removal is thus timely pursuant to 28 U.S.C. §1446(b) because it is being made within thirty (30) days after service of the initial Complaint on Defendant.  On March 19, 2026, defense counsel has a discussion with Ross Bozarth, counsel for Plaintiff, where he indicated that this is a six-figure case meaning over $100,000 because of plaintiffs' injuries. (See Davidson Decl. ¶5)

This Notice of Removal is also timely under 28 U.S.C. §1446(b) since it is being filed within one (1) year of the commencement of this action.

2

**DEFENDANT WALMART, INC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY)**

## II.    BASIS FOR REMOVAL

This Court has subject matter jurisdiction under 28 U.S.C. §1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

At the time of filing her complaint, Plaintiff was a resident and citizen of the State of California, County of San Joaquin. (See Declaration of David Davidson "Davidson Decl." ¶¶ 6-7.)

Defendant is a citizen of Delaware where it was incorporated, with its principal place of business in the State of Arkansas. (Id. at ¶9.) A true and current copy of Walmart's corporate information from the California Secretary of State Business Search is attached as **Exhibit B.** (Id.) A true and correct copy of Arkansas Secretary of Business/Commercial Services is attached as **Exhibit C**. (Id.)

The defendants identified as "DOES 1 to 100" in Plaintiff's Complaint are merely fictious parties who have not been identified. The inclusion of "Does" defendants in the state court Complaint has no effect on removability. In determining whether diversity of citizenship exists, only the named defendants are considered. (See *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9t h Cir. 1998); see also *Olive v. Gen. Nutrition Ctrs. Inc.,* No. 2:12-cv-04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc.,* No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).)

In determining whether the parties are diverse under 28 U.S.C. §1441(b), "the citizenship of defendants sued under fictious names shall be disregarded." (See

3

DEFENDANT WALMART, INC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY)

also, *Goldsmith v. CVS Pharmacy, Inc.,* CV 20-0750-AB (JCx), 2020 WL 1650760 (C.D. Cal. April 3, 2020); *Soliman v. Philip Morris Inc.,* 311 F.3d 966, 971 (9th Cir. 2002).)  The presumption remains that Congress said what it meant and meant when it said when it wrote 28 U.S.C. §1441(b) to require that the citizenship of fictious defendants be ignored when considering diversity jurisdiction. The Ninth Circuit was clear when it indicated the same. (See *Soliman,* 311 F.3d at 966.) The parties are accordingly completely diverse, and jurisdiction is proper.

Plaintiff's Complaint does not specify the amount of damages sought by way of her action. Pursuant to California Code of Civil Procedure §§ 425.10 and 425.11, a plaintiff in a personal injury action is not permitted to include a specific damages prayer in her complaint. Upon request, however, he is required to provide a detailed statement of damages within fifteen (15) days. (see Cal. Civ. Proc. §425.11.)

Plaintiff alleges, in the Complaint, that she suffered "wage loss, loss of use of property, hospital and medical expenses, general damages, property damage, loss of earning capacity…" (See Davidson Decl., ¶3, See also **Exhibit A**.)   On March 19, 2026, defense counsel has a discussion with Ross Bozarth, counsel for Plaintiff, he indicated that this is a six-figure case meaning over $100,000 because of plaintiffs' injuries. (See Davidson Decl. ¶5) Therefore, the amount of damages exceeds $75,000.00.

This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332 and is one which many be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. (Davidson Decl., ¶¶ 4-5.)

**DEFENDANT WALMART, INC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY)**

Thus, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removal of this action from the Superior Court of California, County of San Joaquin, to the United States District Court for the Eastern District of California is appropriate.

The removal of this action to this Court is proper under 28 U.S.C. §1441(a) inasmuch as the Superior Court of the State of California, County of San Joaquin, where this action was originally filed, is located within this federal jurisdictional district. Additionally, both the place of Plaintiff's residence/domicile and the location of the accident at issue are located in the County of San Joaquin in the State of California. (Davidson Decl., ¶¶ 6-8.)

This Court has original jurisdiction pursuant to 28 U.S.C. §1332 and removal of this action to this Court is proper pursuant to 28 U.S.C. §1441(a).

Counsel for Defendant hereby certifies that they will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of California, County of San Joaquin, as required by 28 U.S.C. §1446, and give notice of same to Plaintiff.

No previous application for the relief sought herein has been made to this Court or any other Court.

**WHEREFORE,** Defendant hereby removes this action from the Superior Court of the State of California, County of San Joaquin, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

DATED: March 19, 2026                    **O'HAGAN MEYER**

By: _____
David Davidson, Esq.
Attorneys for Defendant,
WALMART, INC.

5

**DEFENDANT WALMART, INC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY)**

## DECLARATION OF DAVID DAVIDSON, ESQ.

I, David Davidson, declare as follows:

1. I am an attorney duly authorized and licensed to practice before this Court, as well as all courts of the State of California, Washington, and Iowa. I am an attorney with the law firm of O'Hagan Meyer, LLP, counsel of record for Defendant, WALMART, INC., a Delaware Corporation ("Walmart") in the above-captioned matter. The information stated herein is true and correct and of my personal knowledge, unless stated on information and belief. If called as a witness, I could and would testify competently to the matters declared herein.

2. Pursuant to 28 U.S.C. §1446(a), true and correct copies of all pleadings and documents filed and served to date on Defendant in this action are attached hereto, collectively, as **Exhibit A**.

3. As a result of the subject incident, Plaintiff GENESIS PEREZ ("Plaintiff") alleges in her Complaint that she suffered "wage loss, loss of use of property, hospital and medical expenses, general damages, property damage, loss of earning capacity…"

4. The Complaint was served on Defendant on March 6, 2026.

5. On March 19, 2026, I had a discussion with Ross Bozarth, counsel for Plaintiff, wherein he indicated that this is a six-figure case meaning over $100,000 because of plaintiffs' injuries and the unknown need for a spinal stimulator. At which time I informed him that we will likely remove the case to federal court.

6. According to the Complaint prepared and submitted by Plaintiff, I am

6

**DEFENDANT WALMART, INC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY)**

informed and believe that she resides in San Joaquin County, California.

7. I am informed and believe that she has been a citizen of the State of California at all relevant times, from the date of the incident up to and including the time she filed her Complaint.

8. The subject incident allegedly occurred on December 23, 2023, at a Walmart store located in the City of Lodi, in the County of San Joaquin, California.

9. Walmart, Inc. is incorporated in Delaware with its principal place of business in the State of Arkansas. A true and correct copy of Walmart's corporate information from the California Secretary of State Business Search is attached as **Exhibit B**. A true and correct copy of Arkansas Secretary of Business/Commercial Services is attached as **Exhibit C**.

10. A true and correct copy of Defendant Walmart, Inc.'s Answer is attached hereto as **Exhibit D**.

11. Other defendants named in this case, "DOES 1 to 100" are merely fictious parties who have not been identified.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on March 19, 2026.



David Davidson, Esq., Declarant

**DEFENDANT WALMART, INC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY)**

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WALMART, INC. and DOES 1 through 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GENESIS PEREZ

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

Electronically Filed
Superior Court of California
County of San Joaquin
2025-09-23 08:32:29
Clerk: Kacey Sutton

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Joaquin County Superior Court

180 East Weber Ave., Stockton, CA 95202

| CASE NUMBER: |
| --- |
| *(Número del Caso):* |
| STK-CV-UPI-2025-0013809 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ross Bozarth, SBN 179171, Guenard & Bozarth, LLP, 8830 Elk Grove Blvd., Elk Grove, CA 95624

DATE:
*(Fecha)* 2025-09-23   Stephanie Bohrer   Clerk, by *(Secretario)* _____ , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Walmart, Inc.
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | www.courts.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

**PLD-PI-001**

| | | |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY**<br>NAME: Ross Bozarth<br>FIRM NAME: GUENARD & BOZARTH, LLP<br>STREET ADDRESS: 8830 Elk Grove Blvd.<br>CITY: Sacramento  STATE: CA  ZIP CODE: 95624<br>TELEPHONE NO.: (916) 714-7672  FAX NO.: (916) 714-9031<br>EMAIL ADDRESS: rbozarth@gblegal.com<br>ATTORNEY FOR (name): Plaintiff, Genesis Perez | STATE BAR NUMBER: 179171 | **FOR COURT USE ONLY**<br><br>**Electronically Filed<br>Superior Court of California<br>County of San Joaquin<br>2025-09-23 08:32:29<br>Clerk: Kacey Sutton** |

STATE BAR NUMBER: 179171

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN**
STREET ADDRESS: 180 East Weber Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton, CA 95202
BRANCH NAME: Civil Division

**Case Management Conference
2026-03-20 8:45AM in 11A**

PLAINTIFF: Genesis Perez

DEFENDANT: Walmart, Inc.

[x] DOES 1 TO 100 _____ Inclusive

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] **AMENDED (Number):**
Type (check all that apply):
[ ] **MOTOR VEHICLE**  [x] **OTHER (specify):** GN
    [ ] **Property Damage**  [ ] **Wrongful Death**
    [x] **Personal Injury**  [x] **Other Damages (specify):** as pled

**CASE NUMBER:**

STK-CV-UPI-2025-0013809

**Jurisdiction (check all that apply):**
[ ] **ACTION IS A LIMITED CIVIL CASE (does not exceed $35,000)**
Amount demanded [ ] does not exceed $10,000
             [ ] exceeds $10,000
[x] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $35,000)**
[ ] **ACTION IS RECLASSIFIED by this amended complaint**
    [ ] **from limited to unlimited**
    [ ] **from unlimited to limited**

1. Plaintiff (name or names): Genesis Perez

   alleges causes of action against defendant (name or names):
   Walmart, Inc.

2. This pleading, including attachments and exhibits, consists of the following number of pages: 4

3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California.
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) [ ] other (specify):
      (5) [ ] other (specify):
   b. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California.
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) [ ] other (specify):
      (5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2024]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*
   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. ☒ **except** defendant *(name):* Walmart, Inc.
   (1) ☐ a business organization, form unknown.
   (2) ☒ a corporation.
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

c. ☐ **except** defendant *(name):*
   (1) ☐ a business organization, form unknown.
   (2) ☐ a corporation.
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

b. ☐ **except** defendant *(name):*
   (1) ☐ a business organization, form unknown.
   (2) ☐ a corporation.
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

d. ☐ **except** defendant *(name):*
   (1) ☐ a business organization, form unknown.
   (2) ☐ a corporation.
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

a. ☒ Doe defendants *(specify Doe numbers):* 1-50                    were the agents or employees of other
   named defendants and acted within the scope of that agency or employment.

b. ☒ Doe defendants *(specify Doe numbers):* 51-100                  are persons whose capacities are unknown to
   plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

**PLD-PI-001**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. [  ] Motor Vehicle
   b. [x] General Negligence
   c. [  ] Intentional Tort
   d. [  ] Products Liability
   e. [x] Premises Liability
   f. [  ] Other *(specify):*

11. Plaintiff has suffered *(check all that apply)*
   a. [x] wage loss.
   b. [x] loss of use of property.
   c. [x] hospital and medical expenses.
   d. [x] general damage.
   e. [x] property damage.
   f. [x] loss of earning capacity.
   g. [x] other damage *(specify):*
        Pre-judgment interest

12. [  ] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. [  ] listed in Attachment 12.
   b. [  ] as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) [x] compensatory damages.
      (2) [  ] punitive damages.
   b. The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) [x] according to proof.
      (2) [  ] in the amount of: $

15. [x] The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
   All

Date: September 9, 2025

Ross Bozarth
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001(4)

| SHORT TITLE:<br>Perez v. Walmart, Inc., et al. | CASE NUMBER: |
|---|---|

**FIRST** _____  **CAUSE OF ACTION—Premises Liability**      Page ____4____

(number)

ATTACHMENT TO [ x ] Complaint      [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

Prem.L-1.Plaintiff *(name):* Genesis Perez _____

alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.

On *(date):* December 23, 2023              plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury):*
Plaintiff, Genesis Perez, was shopping at the Walmart Supercenter located at 1601 S. Lower Sacramento Road, Lodi, CA. Ms. Perez and was at an end cap on one of the aisles across from the clothing near the greeting cards when three of the shelves fell and landed on her foot. There were candles on the shelves and Ms. Perez took a candle off and smelled it and when she put it back three racks fell and landed on her right foot.

Prem.L-2.   [ x ]  **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names):*
WALMART, INC.

[ x ] Does 1 _____ to 100 _____

Prem.L-3.   [ x ]  **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names):*
WALMART, INC.

[ x ] Does 1 _____ to 100 _____

Plaintiff, a recreational user, was   [ x ] an invited guest   [ ] a paying guest.

Prem.L-4.   [ ]  *Count Three—Dangerous Condition of Public Property* The defendants who owned public property on which a dangerous condition existed were *(names):*

[ ] Does _____ to _____

a.   [ ] The defendant public entity had   [ ] actual   [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.

b.   [ ] The condition was created by employees of the defendant public entity.

Prem.L-5.a. [ ]  **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):*

[ ] Does _____ to _____

b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are [ ] described in attachment Prem.L-5.b [ ] as follows *(names):*

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California PLD-
PI-001(4) [Rev. January 1, 2007]

**CAUSE OF ACTION—Premises Liability**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

PLD-PI-001(2)

| SHORT TITLE:<br>Perez v Walmart, Inc., et al. | CASE NUMBER: |
|---|---|

SECOND _____    **CAUSE OF ACTION—General Negligence**    Page _____ 5 _____

      (number)

ATTACHMENT TO [ x ] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Genesis Perez

    alleges that defendant *(name):* Walmart, Inc.

        [ x ] Does    1 _____    to 100 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date):* December 23, 2023

at *(place):* Walmart Supercenter, 1601 S Lower Sacramento Road, Lodi, CA.

*(description of reasons for liability):*
Plaintiff realleges and incorporates herein by reference each and every allegation contained in Plaintiff's preliminary paragraphs as fully and completely as if said allegations were set forth herein in full.

Plaintiff further alleges that defendants, and each of them, negligently owned, maintained, repaired, inspected, controlled and possessed a Walmart Supercenter with shelving used by the public and negligently maintained shelves at the above location in such a manner and after such a time when defendants, and each of them, knew, or through the exercise of reasonable care, should have known that such negligent conduct would likely cause injury to Plaintiff and others similarly situated.

As a direct and proximate result of the negligent acts and omissions of the defendants, and each of them, as herein alleged, Plaintiff was injured when she set a candle back down on a shelf and three shelves collapsed and landed on plaintiff's right foot.

As a further direct and proximate result of the negligent conduct of the defendants, and each of them, as herein alleged, Plaintiff suffered severe physical, mental and emotional injuries

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001(2) [Rev. January 1, 2007] | **CAUSE OF ACTION—General Negligence** | Code of Civil Procedure 425.12<br>www.courts.ca.gov |
|---|---|---|

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ross Bozarth, SBN 179171  GUENARD & BOZARTH, LLP<br>8830 Elk Grove Blvd., Elk Grove, CA 95624<br><br>TELEPHONE NO.: (916) 714-7672          FAX NO.: (916) 714-9031<br>EMAIL ADDRESS: rbozarth@gblegal.com<br>ATTORNEY FOR *(Name):* Plaintiff, Genesis Perez | **Electronically Filed<br>Superior Court of California<br>County of San Joaquin<br>2025-09-23 08:32:29<br>Clerk: Kacey Sutton**<br><br>**Case Management Conference<br>2026-03-20 8:45AM in 11A** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN**
STREET ADDRESS: 180 E. Weber Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton, CA 95202
BRANCH NAME: Civil Division

CASE NAME:
Perez v Walmart, Inc., et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | STK-CV-UPI-2025-0013809 |
| | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Two
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 9, 2025
Ross Bozarth
_____          ►_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.          Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

# EXHIBIT B

B1778-6448  05/24/2023  2:05 PM Received by California Secretary of State

BA20230847921

## STATE OF CALIFORNIA
*Office of the Secretary of State*
## STATEMENT OF INFORMATION
## CORPORATION
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
|---|
| **-FILED-** |
| File No.: BA20230847921 |
| Date Filed: 5/24/2023 |

### Entity Details

| | |
|---|---|
| Corporation Name | WALMART INC. |
| Entity No. | 1634374 |
| Formed In | DELAWARE |

### Street Address of Principal Office of Corporation

| | |
|---|---|
| Principal Address | 702 SW 8TH STREET<br>BENTONVILLE, AR 72716 |

### Mailing Address of Corporation

| | |
|---|---|
| Mailing Address | 702 SW 8TH STREET<br>BENTONVILLE, AR 72716 |
| Attention | |

### Street Address of California Office of Corporation

| | |
|---|---|
| Street Address of California Office | None |

### Officers

| Officer Name | Officer Address | Position(s) |
|---|---|---|
| C. Douglas McMillon | 702 SW 8TH STREET<br>BENTONVILLE, AR 72716 | Chief Executive Officer |
| Rachel Brand | 702 SW 8TH STREET<br>Bentonville, AR 72716 | Secretary |
| John David Rainey | 702 SW 8TH STREET<br>Bentonville, AR 72716 | Chief Financial Officer |

### Additional Officers

| Officer Name | Officer Address | Position | Stated Position |
|---|---|---|---|
| C. Douglas McMillon | 702 SW 8TH STREET<br>BENTONVILLE, AR 72716 | Other | Director |
| John David Rainey | 702 SW 8TH STREET<br>BENTONVILLE, AR 72716 | Other | EVP |
| Rachel Brand | 702 SW 8TH STREET<br>BENTONVILLE, AR 72716 | Other | EVP |
| Emma Waddell | 702 SW 8TH STREET<br>BENTONVILLE, AR 72716 | Other | Senior Vice President |
| Gordon Y. Allison | 702 SW 8TH STREET<br>BENTONVILLE, AR 72716 | Other | Senior Vice President  & Assistant Secretary |
| Jessica Rancher | 702 SW 8TH STREET<br>BENTONVILLE, AR 72716 | Vice President | |
| Matthew Allen | 702 SW 8TH STREET<br>BENTONVILLE, AR 72716 | Other | Vice President & Assistant Treasurer |
| Sarah Little | 702 SW 8TH STREET<br>BENTONVILLE, AR 72716 | Assistant Secretary | |
| Geoffrey Edwards | 702 SW 8TH STREET<br>BENTONVILLE, AR 72716 | Assistant Secretary | |

| ■ Michael Cook | 702 SW 8TH STREET BENTONVILLE, AR 72716 | Other | Senior Vice President & Assistant Treasurer |

**Agent for Service of Process**

California Registered Corporate Agent (1505)          C T CORPORATION SYSTEM
                                                     Registered Corporate 1505 Agent

**Type of Business**

Type of Business                                     Retail Sales

**Email Notifications**

Opt-in Email Notifications                           Yes, I opt-in to receive entity notifications via email.

**Labor Judgment**

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

**Electronic Signature**

☒   By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Kelly Lettmann*                                     *05/24/2023*

Signature                                            Date

B1778-6449  05/24/2023  2:05 PM Received by California Secretary of State

# EXHIBIT C

**Details**

---

**For service of process contact the** Secretary of State's office.

LLC Member information is now confidential per Act 865 of 2007

**For access to our corporations bulk data download service** click here.

Corporation Name
WALMART INC.

Fictitious Names
BUD'S DISCOUNT CITY
BUD'S WAREHOUSE OUTLET
BUD'S WAREHOUSE OUTLET
FORT SMITH REMARKETING
SAM'S CLUB
SAM'S WHOLESALE CLUB
WAL-MART
WAL-MART AVIATION
WAL-MART EXPRESS
WAL-MART NEIGHBORHOOD MARKET
WAL-MART NEIGHBORHOOD MARKET
WAL-MART SUPERCENTER
WAL-MART SUPERCENTER
WAL-MART SUPERCENTER
WAL-MART SUPERCENTER #1147
WAL-MART SUPERCENTER #8
WAL-MART VACATIONS
WALTON LIFE FITNESS CENTER

Filing #
100067582

Filing Type
Foreign For Profit Corporation

Filed Under Act
For Bus Corp; 958 of 1987

Status
Good Standing

Principal Address
—

Reg. Agent
C T CORPORATION SYSTEM

Agent Address
124 WEST CAPITOL AVENUE, SUITE 1900 LITTLE ROCK, AR 72201

Date Filed
03/31/1970

Officers
SEE FILE, Incorporator/Organizer
JESSICA . RANCHER, Vice-President
RACHEL . BRAND, Secretary
C DOUGLAS MCMILLON, President

Foreign Name
—

Foreign Address
702 SW 8TH STREET BENTONVILLE, AR 72716

State of Origin
DE
Purchase a Certificate of Good Standing for this Entity
Pay Franchise Tax for this corporation

# EXHIBIT D

David Davidson, Esq. (SBN 215969)
ddavidson@ohaganmeyer.com
Alina Goncharova, Esq. (SBN 329974)
agoncharova@ohaganmeyer.com
Millicent Wong, Esq. (SBN 366897)
mwong@ohaganmeyer.com
**O'HAGAN MEYER LLP**
4695 MacArthur Ct., Suite 900
Newport Beach, CA 92660
Telephone:    (949) 942-8500
Facsimile:    (949) 942-8510

Attorneys for Defendant,
WALMART, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN JOAQUIN**

| | |
|---|---|
| GENESIS PEREZ,<br><br>               Plaintiff,<br><br>vs.<br><br><br>WALMART, INC., and DOES 1 TO 100, inclusive,<br><br>               Defendant. | Case No. STK-CV-UPI-2025-0013809<br><br>**Assigned For All Purposes To:**<br>Hon. Esmeralda Zendejas<br>Dept. 11A<br><br>**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br><br>Complaint Filed:    09/23/2025<br>Trial Date:        None Set |

Defendant WALMART, INC. ("Defendant"), by and through its attorneys, answers Plaintiff GENESIS PEREZ's Complaint ("Complaint") in this action as follows:

**GENERAL DENIAL**

Defendant denies both generally and specifically each and every allegation in said unverified complaint and the whole thereof, including a denial that Plaintiff has been or will be injured or damages whether in the manner alleged, or in any other manner or sum, or at all, as permitted by California Code of Civil Procedure § 431.30(d). In further response to Plaintiff's Complaint, Defendant denies that Plaintiff has sustained any injury, damage, or loss, by reason of

1

any act or omission of Defendant or its agents or employees.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

Defendant contends that the Complaint, and each and every cause of action contained therein, fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendant contends that each cause of action asserted in Plaintiff's Complaint is barred by the statute of limitations as set forth in Code of Civil Procedure §§312, 335.1, and 338.

## THIRD AFFIRMATIVE DEFENSE

### (Comparative Negligence)

Defendant contends that Plaintiff was concurrently and contributorily negligent in and about the matters referred to in said Complaint on file herein, and that said carelessness and negligence on Plaintiff's own part proximately and directly contributed to and caused the injuries, loss, and damages complained of by Plaintiff, if any there were.

## FOURTH AFFIRMATIVE DEFENSE

### (Fault of Others)

Defendant contends that the injuries and damages complained of by Plaintiff, if any there were, were either wholly or in part proximately caused by the negligence or other wrongful acts or omissions of persons or entities other than this answering Defendant, and that said negligence or wrongful acts or omission either are imputed to Plaintiff by reason of her relationship with said persons or entities, or comparatively reduce the proportion of negligence and corresponding liability of this answering Defendant, if any, which liability is specifically denied.

## FIFTH AFFIRMATIVE DEFENSE

### (Non-Economic Damages)

Defendant contends that if liability is assessed against it, pursuant to Civil Code §1431 et, Seq., Defendant shall be liable only for the amount of non-economic damages allocated to it in direct proportion to the percentage of fault assessed against it by the trier of fact and requests that

a separate judgment be rendered against it for the amount; but that Defendant in setting forth this affirmative defense makes no admission that it is liable to Plaintiff in any amount or in any proportion; and Defendant, in setting forth this affirmative defense, makes no admission that Plaintiff has been damaged in any sum or sums at all.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Defendant contends that Plaintiff failed to exercise reasonable care and diligence to avoid loss and to minimize and mitigate her damage, if any there were, and that this failure to mitigate damage alone aggravated any damage or injuries to Plaintiff, if any, and therefore precludes or reduces recovery against this answering Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

Defendant contends that Plaintiff knew, or in the exercise of reasonable care, should have known of the risks and hazards involved in the undertaking in which she engaged, but nevertheless and with full knowledge of those things, did fully and voluntarily consent to assume the risks and hazards involved in the undertaking.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unavoidable Accident)**

Defendant contends that the events, injuries, losses, and damages, if any, complained of were the result of an unavoidable accident insofar as this answering Defendant it concerned and occurred without any negligence, want of care, default or other breach of duty to Plaintiff on the part of this answering Defendant.

**NINTH AFFIRMATIVE DEFENSE**

**(No Actual or Constructive Notice)**

Defendant contends that Plaintiff's cause of action for premise liability is barred because Defendant did not have actual or constructive notice of the condition with sufficient time before the alleged injury to provide a reasonable opportunity to protect against it.

///

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

**TENTH AFFIRMATIVE DEFENSE**

**(Proportionate Fault)**

Defendant contends that, at the time of the injuries alleged in the Complaint, parties other than this answering Defendant were negligent in and about the matters referred to in the Complaint, and that such negligence on the part of said parties proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of by Plaintiff, if any there were; and that this answering Defendant shall not be liable for such parties' proportionate share of non-economic damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Due Care and Diligence)**

Defendant contends that it exercised due care and diligent in all of the matters alleged in the Complaint, and that no conduct by or attributable to Defendant was the cause in fact or the proximate cause of the damage, if any, suffered by Plaintiff, nor a substantial factor in bringing about said damage.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Preexisting Condition)**

Defendant contends that the injuries complained of, and the damage sought by Plaintiff were caused or aggravated by Plaintiff's preexisting medical condition.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Fair Responsibility Act of 1986)**

Defendant contends that the provisions of the "Fair Responsibility Act of 1968" (commonly known as Proposition 51) Civil Code §§1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5, and 1432 are applicable to this action to the extent that Plaintiff's injuries and damages, if any, were legally caused or contributed to by the negligence of fault of persons or entities other than this answering Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

Defendant contends that Plaintiff was careless and negligent in and about the matters

4

DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

alleged in the Complaint, and that such carelessness and negligence on the part of Plaintiff proximately contributed to the happenings of the incident and to the injuries, loss, and damages complained of, if any there were.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Intervening and/or Superseding Event)**

Defendant contends that Plaintiff's injuries and damages, if any, were proximately caused by an unforeseeable, independent, intervening and/or superseding event beyond the control, and unrelated to any conduct, of Defendant. Defendant's actions, if any, were superseded by the negligence and wrongful conduct of others.

Lastly, this answering Defendant presently does not have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. This answering Defendant reserves its rights to assert additional affirmative defenses in the event that the discovery indicates they would be appropriate.

**PRAYER FOR RELIEF**

**WHEREFORE,** Defendant prays for judgment against Plaintiff as follows:

1.  That Plaintiff's Complaint be dismissed;

2.  That Plaintiff take nothing by way of the Complaint;

3.  That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;

4.  For attorneys' fees and costs of suit incurred in defense of this action; and

5.  For such other, further relief, as this Court may deem just and proper.


DATED:     March 19, 2026                    **O'HAGAN MEYER**

                                             By: _____
                                             David Davidson, Esq.
                                             Attorneys for Defendant,
                                             WALMART, INC.

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF LOS ANGELES        )

  I am over the age of eighteen years and not a party to the within action.  I am employed by O'HAGAN MEYER LLP, whose business address is 4695 MacArthur Ct., Suite 900, Newport Beach, CA 92660.

  On **March 19, 2026**, I served the within document(s) described as: **DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** on the parties in said action as follows:

**SEE SERVICE LIST**

  ☐ **BY MAIL** (CCP § 1013) - I caused the documents described above to be deposited for processing in the mailroom in our offices.  I am "readily familiar" with the firm's practices of collection and processing correspondence for mailing.  It is deposited with the U. S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

  ☐ **BY FAX:** (CCP § 1013 (e); CRC 2.306 (a) (b)) – I caused such document(s) to be electronically transmitted by facsimile to the respective fax number(s) of the party(ies) as stated on the attached Service List.

  ☒ **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification listed herein on this date from agurzenski@ohaganmeyer.com.  I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

  ☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  Executed on **March 19, 2026,** at Los Angeles, California.

_____
*Amber Gurzenski*

1

PROOF OF SERVICE

**SERVICE LIST**
*Perez, Genesis v. Walmart, Inc.*
San Joaquin Superior Court Case No. STK-CV-UPI-2025-0013809
O'Hagan Meyer File No.: 2967-xxxx

Ross Bozarth, Esq.                                              Attorneys for Plaintiff
**Guenard & Bozarth, LLP**                                     Genesis Perez
8830 Elk Grove Blvd.
Sacramento, CA 95624
Tel: 916-714-7672; Fax: 916-714-9031
rbozarth@gblegal.com

2
PROOF OF SERVICE

**From:** Isaac Sanchez
**To:** Amber Gurzenski
**Subject:** [EXTERNAL] QC 88745 New Order Confirmation 5608591
**Date:** Thursday, March 19, 2026 12:26:09 PM
**Attachments:** image001.png
image002.png

**CAUTION:** This email originated from outside the organization.
Do not click links or open attachments unless you are expecting them from the sender.

Amber,

Please see below for your confirmation of submission for you efiling

**Isaac Sanchez**

*E-Filing Specialist*

Main:   951.320.7770

Email: isaacs@expressnetwork.com

**Riverside Office**

3631 10th Street Suite 205

Riverside , CA 92501



**Speed. Simplicity. Results.**
*Because you dont have time for anything else.*

 **Express Case Management Integrations - *Click here* to let us know your current system**

*Please consider the environment before printing this email. This message may contain confidential communications. This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.*

**Subject:** New Order Confirmation

Your Order #5608591 has been submitted to the Superior Court of CA - County of San Joaquin.

**STK-CV-UPI-2025-0013809 - Order #1265381**
**-SUBMITTED-**

**Document Name**

Answer

First paper Unlimited Civil (amount over $25,000)

# CERTIFICATE OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by O'HAGAN MEYER LLP, whose business address is 4695 MacArthur Ct., Suite 900, Newport Beach, CA 92660.

On **March 19, 2026**, I served the within document(s) described as:

**DEFENDANT WALMART, INC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF DAVID DAVIDSON, ESQ.**

on the parties in said action as follows:

☐ **BY ELECTRONIC TRANSMISSION:** The undersigned hereby certifies that on 3/19/2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which sent notification to all counsel of record, who are deemed to have consented to electronic service via the CM/ECF system.

☒ **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification listed herein on this date from agurzenski@ohaganmeyer.com. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (FEDERAL) I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **March 19, 2026,** at Los Angeles, California.

*/s/ Amber Gurzenski*
Amber Gurzenski

1

**SERVICE LIST**
*Perez, Genesis v. Walmart, Inc.*
O'Hagan Meyer File No.: 2967-51644

Ross Bozarth, Esq.                                    Attorneys for Plaintiff
**Guenard & Bozarth, LLP**                      Genesis Perez
8830 Elk Grove Blvd.
Sacramento, CA 95624
Tel: 916-714-7672; Fax: 916-714-9031
rbozarth@gblegal.com
cdanielson@gblegal.com

2
**CERTIFICATE OF SERVICE**